**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Carl Smith, | : | CIV. ACTION NO. 15-7834(RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| United States of America, | : | |
| Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I. BACKGROUND

This matter comes before the Court upon Plaintiff's application to proceed without prepayment of fees, pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff, a prisoner in FCI Fort Dix, filed a civil action under the Federal Tort Claims Act on November 2, 2015. (ECF No. 1.) This Court administratively closed the action because Plaintiff did not pay the filing fee or submit an IFP appeal.

II. DISCUSSION

Plaintiff's IFP application is properly completed and establishes his inability to prepay the filing fee. Therefore, the Court will grant his IFP application. As this Court noted in its

1

previous Order (ECF No. 2), before a prisoner may proceed with his civil action, the Court must screen the complaint, and sua sponte dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), and 1915A(b).

Plaintiff brings his civil action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, alleging negligence in treating his broken ankle and follow up care. See Lomando v. U.S., 667 F.3d 363, 372 (3d Cir. 2011) (quoting In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) ("the FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.") It appears that Plaintiff has exhausted his administrative remedies under the FTCA.

Plaintiff, however, includes numerous federal employees as defendants in this negligence action. The Westfall Act provides absolute immunity to federal employees "by making suit against the United States under the FTCA the exclusive remedy for negligent or wrongful acts by federal employees committed within the scope of employment." Id. at 375 (citing Pub.L. No. 100-694, 102 Stat. 4563).

2

The United States of America is the only proper defendant in Plaintiff's negligence action.

III. CONCLUSION

In the accompanying Opinion filed herewith, the Court will grant Plaintiff's IFP application and allow the Complaint to proceed against the United States of America, but the Court will dismiss all other defendants based on immunity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

DATED: December 11, 2015

                                              s/Renée Marie Bumb
                                              **Renée Marie Bumb**
                                              **UNITED STATES DISTRICT JUDGE**