**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CARL SMITH,<br><br>      Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>      Defendant | Civ. No. 15-7834(RMB-JS)<br><br>**OPINION** |

APPEARANCES:

Carl Smith
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640-5433
        Plaintiff, *pro se*

Daniel J. Gibbons
Assistant United States Attorney
Office of the United States Attorney
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101
        On behalf of Defendant

**BUMB, United States District Judge**

This matter comes before the Court upon Plaintiff Carl Smith's Motion for Summary Judgment ("Pl's Motion for Sum. J." ECF No. 32); Defendant United States of America's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Def's Mem. in Opp." ECF No. 34) and Defendant's Motion for Summary Judgment ("Def's

Mot. for Summ. J." ECF No. 33.) The Court will decide the motions on the briefs, pursuant to Federal Rule of Civil Procedure 78.

I. BACKGROUND

On November 2, 2015, Plaintiff Carl Smith, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed a civil action under the Federal Tort Claims Act. (Compl., ECF No. 1.) This Court administratively terminated the action because Plaintiff failed to pay the filing fee or file a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Order, ECF No. 2.) The Court reopened this matter and granted Plaintiff's application to proceed IFP on December 11, 2015. (Order, ECF No. 4.)

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court screened Plaintiff's complaint and dismissed the individual federal employees named in the FTCA action and permitted the claim to proceed against the United States. (Opinion, ECF No. 5.)

In the complaint, Plaintiffs alleges the following. On November 3, 2012, Plaintiff slipped on the dusty gym floor at FCI Fort Dix. (Compl., ECF No. 1, ¶4.) Plaintiff had an X-ray of his right ankle on November 6, 2012, which showed a fracture. (Id., ¶¶5a, 5b.) Dr. Willson at FCI Fort Dix recommended open reduction with internal fixation ("ORIF") due to risk of fracture displacement and nonunion. (Compl., ECF No. 1, ¶4.)

Plaintiff alleges the proper time in which to perform the ORIF is 21 days. (Id.) Plaintiff's family members called individuals at the Bureau of Prisons to try to hasten his surgery. (Id.) His surgery was performed 46 days after his injury occurred. (Id.) In 2014, Plaintiff underwent an X-ray that indicated neuropathy in his right ankle and leg. (Id., ¶5(f)). Plaintiff contends the neuropathy was caused by delay in his surgery. (See generally Complaint and attachments.) On or about April 29, 2015, Plaintiff received a denial letter from the Bureau of Prisons in response to the Federal Tort Claim Notice Plaintiff filed on November 3, 2014. (Compl., Ex. A, ECF No. 1 at 4.)

On January 4, 2016, Plaintiff filed a motion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1). (Mot. for Pro Bono Counsel, ECF No. 7.) The Honorable Joel Schneider, United States Magistrate Judge, denied the motion without prejudice on April 18, 2016. (Order, ECF No. 8.) Plaintiff then received an extension of time to effect service of the summons and complaint, and the summonses were returned executed on October 18, 2016 and November 21, 2016. (Summons, ECF Nos. 14, 15.)

Defendant filed an Answer to the Complaint on December 12, 2016. (Answer, ECF No. 18.) The parties conducted discovery. On February 14, 2018, Plaintiff filed a motion for summary judgment. (Pl's Mot. for Summ. J., ECF No. 32.)

3

In his motion for summary judgment, Plaintiff asserts, in relevant part:

> On November 3, 2012, Plaintiff was involved in a sporting accident at the Federal Correctional Institution (FCI) at Fort Dix, New Jersey. His right leg fibula was broken. Westside Health Services for the FCI became the first responder. Medical staff confirmed the injury via x-ray and placed his leg in a cast, failing to set the bone. The orthopedist who diagnosed Plaintiff recommended surgery on November 6, 2012. On December 20, 2012, forty-six (46) days after the incident, Plaintiff was admitted to St. Francis Hospital for surgery. Doctors rebroke and set the bone and installed a plate. Shortly thereafter, an infection took hold in his right leg.
>
> Plaintiff contends that he should have been treated within twenty-one (21) days based on the procedure recommended by the orthopedist who diagnosed him, and that the prison medical staff were negligent. They ignored his pleas to undergo the procedure expeditiously until his family members called and alerted the Bureau of Prisons to his situation. Plaintiff suffered nerve damage due to the delay.
> Plaintiff brings this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act (FTCA), so that this court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1436(b). The plaintiff has complied with all prerequisites to a suit under FTCA.
>
> . . .
>
> In late 2014, Plaintiff was examined by doctors at St. Francis Hospital, and in early 2015, bone scans, EMG taken at this hospital again revealed the above-described neuropathy. Defendant, by above actions, failed to follow generally accepted medical standards. Had they done so, the ankle shown

> in the 2014 x-rays could have been incised and drained and debridged [sic] in a minor surgical procedure.
>
> As a direct and proximate result of the combined negligence of Defendant's agents, servants, and employees, Plaintiff has suffered nerve damage and has, therefore, as a direct result, become disabled. As a result of these injuries, Plaintiff spent weeks bedridden, and hospitalized on multiple occasions, suffered pain of mind and body, and permanent disability.

(Pl's Mot. for Summ. J., ECF No. 32.)

Defendant filed a memorandum in opposition to Plaintiff's summary judgment motion. (Def's Mem. in Opp., ECF No. 34.) Defendant contends Plaintiff is not entitled to summary judgment because (1) he failed to identify the act or omission that caused his injury; (2) he failed to identify the particular government employee responsible; (3) he failed to file a Statement of Material Facts Not in Dispute; (4) he failed to support his allegations of professional negligence with an affidavit of merit or expert opinion. (Id., ECF No. 34 at 6.)

On February 15, 2018, Defendant filed a motion for summary judgment. (Def's Mot. for Summ. J., ECF No. 33.) Defendant contends Plaintiff's medical malpractice claim against the United States must be dismissed because Plaintiff failed to provide either an affidavit of merit in accordance with N.J.S.A. § 2A:53A-27 or an expert report to establish breach of the standard of care and proximate cause. (Def's Brief in Supp. of Summ. J., ECF No. 33-1

5

at 6.) In support of summary judgment, Defendant relies on Defendant's Statement of Material Facts, Plaintiff's deposition transcript, and the expert report of board-certified neurologist Dr. Arnold White. (Id. at 1.)

III. DISCUSSION

    A.    <u>Summary Judgment Standard</u>

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>U.S. ex rel. Kosenske v. Carlisle HMA, Inc.</u>, 554 F.3d 88, 94 (3d Cir. 2009). The moving party must demonstrate there is no genuine issue of material fact, and then the burden shifts to the nonmoving party to present evidence to the contrary. <u>Josey v. John R. Hollingsworth Corp.</u>, 996 F.2d 632, 637 (3d Cir. 1993) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

A party asserting that a fact is or is not genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "At the summary judgment stage, facts must be viewed in the light most

favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (3d Cir. 2007) (citing Fed. Rule Civ. Proc. 56(c)).

    B.    The Federal Tort Claims Act

28 U.S.C. § 1346(b)(1) provides, in relevant part:

> (b)(1) … the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for … personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

"[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001), as amended (Oct. 10, 2001).

Under New Jersey law, a plaintiff suing for medical malpractice shall:

> provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. The affidavit must be provided within sixty days after the defendant files an answer, and the court may grant

7

no more than one sixty-day extension of time to file the affidavit, upon a finding of good cause. N.J.S.A. § 2A:53A-27. Failure to provide the affidavit "shall be deemed a failure to state a cause of action." N.J.S.A. § 2A:53A-29.

The New Jersey affidavit of merit requirement applies to New Jersey plaintiffs who assert medical malpractice against the United States. See e.g. Olivares v. U.S., 447 F. App'x 347, 353 (3d Cir. 2011) (per curiam) (affirming the defendant's summary judgment on FTCA claim brought in New Jersey because the plaintiff failed to submit an affidavit of merit); Horne v. U.S., 223 F. App'x 154, 156 (3d Cir. 2007) (per curiam) (same). Only if extraordinary circumstances are present, circumstances that are exceptional and compelling, may a court grant permission to file an affidavit of merit *nunc pro tunc*. Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000) (citing Cornblatt v. Barow, 708 A.2d 401, 413 (N.J. 1998)).

New Jersey law also requires a plaintiff alleging medical malpractice to "present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Nicholas v. Mynster, 64 A.3d 536, 545 (N.J. 2013) (quoting Gardner v. Pawliw, 696 A.2d 599 (1997) (internal citation omitted)). "In the typical malpractice case, the duty of care, or the standard of practice to which the defendant-practitioner failed to adhere[,]

8

must be established by expert testimony." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 579 (3d Cir. 2003) (internal quotations omitted). There is an exception to this requirement where the jurors' common knowledge is sufficient to determine a defendant's negligence without the benefit of expert knowledge. Id.

III. ANALYSIS

Plaintiff alleges the following medical staff, acting within the scope of their employment with FCI Fort Dix, were negligent for failing to timely provide ORIF surgery for his right ankle fracture, resulting in neuropathy in his right ankle and leg: Donovan Taylor, RN; Dr. Willson; Sullivan, HAS; G. Urrea, AHSA; Dr. Abigail Lopez de Lasalle; Estrella Richardson, PM; Sam Syojontian, MLP; Dr. Shakir Ahmar; A. Chatman, AHSA, RN; Dr. Nicoletta Turner-Foster; Travis Haczynski, HSA/EMT; Dr. Ravi Sood; A.W. Ms. Dynan; Dr. John Chung; K. Cassaon, EMT; and Dr. R. Newland. (Compl., ECF No. 1, ¶3.)

The Court will deny Plaintiff's motion for summary judgment because Plaintiff has not met the affidavit of merit or expert testimony requirements under New Jersey law, which are applicable to FTCA claims brought for medical malpractice against the United States in New Jersey. Bramsom v. Sulayman, 251 F. App'x 84, 86 n. 2 (3d Cir. 2007) (the FTCA requires application of New Jersey's affidavit of merit requirement for malpractice claims). The Court

will, however, deny Defendant's motion for summary judgment without prejudice for the reasons discussed below.

Where the failure to timely file an affidavit of merit rests solely upon a *pro se* plaintiff, courts have "considered whether the failure to comply with the filing deadline resulted from carelessness, lack of circumspection, lack of diligence, [] ignorance of the law [,] or failure to seek legal advice." <u>Fontanez v. U.S.</u>, 24 F.Supp.3d 408, 414 (D.N.J. 2014) (internal quotations omitted). *Pro se* status alone does not constitute an extraordinary circumstance excusing the timely filing of an affidavit of merit. <u>Id.</u> (citing <u>Kant v. Seton Hall University</u>, Nov. Civ. A. 00-5204DMC, 2009 WL 2905610, at *2 (D.N.J. Sept. 9, 2009)).

Plaintiff sought appointment of pro bono counsel prior to serving the complaint upon Defendant. (Mot. for Pro Bono Counsel, ECF No. 7.) After his motion was denied without prejudice, Plaintiff wrote to the court explaining that he had written to ten lawyers without success, and he needed assistance with serving the summons and complaint. (Letter, ECF No. 11.) Plaintiff, however, ultimately effected service of the summons and complaint without the assistance of an attorney. Defendant filed an Answer to the complaint on December 12, 2016, triggering the 60-day deadline for an affidavit of merit under N.J.S.A. § 2A:53A-27.

In a document entitled "Affidavit of Pleading," but which was in fact Plaintiff's interrogatories on Defendant, Plaintiff wrote

"Carl Smith requests to speak with an outside doctor to examine and affirm his claims." (Aff. of Pleading, ECF No. 22 at 5.) Then, in a letter dated May 3, 2017, Plaintiff complained that Defendant had not answered his interrogatories and that "I still have not been provided an expert witness to evaluate my medical files." (Letter, ECF No. 24 at 2.)

In sum, the Magistrate Judge denied Plaintiff's application for pro bono counsel without prejudice before Plaintiff served the summons and complaint on Defendant. Plaintiff then wrote to at least ten attorneys attempting to obtain counsel. When he failed to do so, he made it known to the Court, albeit in a procedurally improper manner by including his request in his interrogatories to Defendant, that he required assistance obtaining an expert witness to evaluate his case.

Plaintiff's indigency, his incarceration and his failed attempts to obtain legal assistance are extraordinary circumstances that excuse his failure to timely submit an affidavit of merit in support of his malpractice claim. See e.g. Fontanez 24 F. Supp. 3d at 416 (prisoner's *pro se* status, his incarceration and his attempts to obtain an affidavit of merit were extraordinary circumstances excusing the failure to timely file an affidavit of merit; accord Brown v. United States, Civ. No. 15-7734(RMB), 2017 WL 1064665, at *7 (D.N.J.) (where prisoner plaintiff sought appointment of pro bono counsel in medical malpractice case during

the relevant statutory period in which to obtain an affidavit of merit under New Jersey law, extraordinary circumstances existed to warrant an extension of time to file an affidavit of merit.) Therefore, the Court will deny Defendant's motion for summary judgment without prejudice.

A district court may *sua sponte* appoint pro bono counsel to an indigent civil litigant under 28 U.S.C. ¶ 1915. Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993). Appointment of counsel may be warranted where the case will require expert testimony. Id.; see Colston v. Correctional Medical Services, 256 F. App'x 551, 553 n.2 (3d Cir. 2007) (finding district court abused its discretion in denying appointment of pro bono counsel where affidavit of merit deadline was triggered after Plaintiff's motion for counsel was denied and the only legal obstacle to Plaintiff's malpractice claim was to serve an affidavit of merit). Plaintiff's case cannot continue unless he obtains an affidavit of merit from an appropriately licensed expert, which he requires the assistance of an attorney to obtain. Therefore, the court will appoint Plaintiff pro bono counsel and extend the time in which Plaintiff must submit an affidavit of merit.

IV. CONCLUSION

For the reasons discussed above, the Court denies Plaintiff's motion for summary judgment; denies Defendant's motion for summary judgment without prejudice, appoints Plaintiff pro bono counsel

pursuant to 28 U.S.C. § 1915(e)(1), and grants Plaintiff an extension of time, until sixty days after pro bono counsel enters an appearance in this action, to file an affidavit of merit under N.J.S.A. § 2A:53A-27.

An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Date: August 28, 2018